UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD J. BUNN, | ) | CASE NO. 1:05 CV 1762 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KATHLEEN M. O'MALLEY, Judge, | ) | AND ORDER |
| Defendant. | ) | |

On July 21, 2005, plaintiff pro se Ronald J. Bunn filed this in forma pauperis action against Judge Kathleen M. O'Malley. The complaint, which seeks monetary relief, challenges Judge O'Malley's decision dismissing a previous action filed by plaintiff in this court. Bunn v. Melling, Case No. 1:02 CV 635. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required

to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). There are simply no facts alleged which might suggest Judge O'Malley acted outside the scope of her official duties.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith. Plaintiff is hereby forewarned that the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

litigants by requiring them to obtain leave of court before submitting additional filings. <u>Filipas v. Lemons</u>, 835 F.2d 1145 (6th Cir. 1987).

     IT IS SO ORDERED.

         <u>/s/Dan Aaron Polster 7/20/05</u>
         DAN AARON POLSTER
         UNITED STATES DISTRICT JUDGE